[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15036
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-04535-AT

LAVERNE ALEXANDER-IGBANI,

Plaintiff-Appellant,

versus

DEKALB COUNTY SCHOOL DISTRICT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 20, 2014)

Before ED CARNES, Chief Judge, WILSON and FAY, Circuit Judges.

PER CURIAM:

Laverne Alexander-Igbani appeals the district court's grant of summary judgment to her former employer, the Dekalb County School District, on her age discrimination claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. The School District chose not to renew Alexander-Igbani's employment contract in 2010, when she was 58 years old.

## I.

We review de novo a district court's grant of summary judgment, viewing the evidence in the light most favorable to the nonmoving party. Castleberry v. Goldome Credit Corp., 408 F.3d 773, 785 (11th Cir. 2005). Summary judgment is appropriate if the record evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

The ADEA prohibits an employer from discriminating against an employee who is 40 years old or older because of that employee's age. See 29 U.S.C. §§ 623(a), 631(a). We evaluate discrimination claims based on circumstantial evidence, the kind Alexander-Igbani presented, under a version of the burden-shifting test set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973). See Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1358 (11th Cir. 1999). Under that test, the employee must first establish a prima facie case of discrimination, at which point the employer is given an opportunity to

offer nondiscriminatory reasons for the adverse action it took against the employee.  See id. at 1359–61.  The employee bears the burden of proving that those reasons are a pretext for discrimination.  See id. at 1361.

The School District gave the following nondiscriminatory reasons for not renewing Alexander-Igbani's employment contract:

1.  She failed to implement the co-teaching model required by the State of Georgia;

2.  She received negative comments and scores from those who observed her teaching;

3.  She failed to complete student Individualized Educational Plans;

4.  She failed to turn in her lesson plans;

5.  She lacked classroom management skills;

6.  She did not make use of the resources that had been made available to her to help her improve as a teacher;

7.  She did not improve her performance during the course of the school year;

8.  She was not present in the classroom during instructional time;

9.  She engaged in unprofessional behavior in the presence of students;

10. She was repeatedly tardy to work.

Even assuming that Alexander-Igbani can establish a prima facie case of discrimination, she has not shown that the School District's reasons for its adverse employment action are pretextual.  Making that showing requires Alexander-Igbani to demonstrate both:  (1) that the School District's stated nondiscriminatory reasons were false; and (2) that age discrimination was the real reason for the adverse employment action.  See Brooks v. Cnty. Comm'n of Jefferson Cnty., 446

3

F.3d 1160, 1163 (11th Cir. 2006).  Alexander-Igbani has demonstrated neither. She even admits she was chronically tardy and has not produced sufficient evidence for a reasonable factfinder to conclude that age discrimination, not her tardiness, motivated the School District to let her go.  See Chapman v. AI Transp., 229 F.3d 1012, 1037 (11th Cir. 2000) ("In order to avoid summary judgment, a plaintiff must produce sufficient evidence for a reasonable factfinder to conclude that each of the employer's proffered nondiscriminatory reasons is pretextual."). And she has not pointed to any other teacher who had as many different performance problems as she did.

   **AFFIRMED.**